UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE,<br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, ET AL.,<br>    Defendants. | No. 3:25-cv-616 (SRU) |

# ORDER TO PRESERVE JURISDICTION

On April 18, 2025, Plaintiff Jane Doe ("Doe") filed a complaint and a motion for a temporary restraining order ("TRO") against the Secretary of the U.S. Department of Homeland Security Kristi Noem, U.S. Immigration and Customs Enforcement Acting Director Todd Lyons, the U.S. Department of Homeland Security, and U.S. Immigration and Customs Enforcement (collectively, "Defendants"). *See generally* Doc. No. 4. In her motion, Doe requests this court to order Defendants to restore Doe's Student Exchange and Visitor Information System ("SEVIS") record and to enjoin Defendants from taking adverse immigration Action against Doe, pending resolution of Doe's complaint. Doc. No. 4 at 1.

Doe's motion for TRO and complaint allege she may be deported due to Defendants' revocation of her SEVIS record. Doc. No. 4-1 at 6 ("[Doe] may be required to leave 'immediately,' with 'no grace period' or else face unlawful presence, detention, and deportation.") (quoting the Department of Homeland Security's "SEVIS Help Hub" website); Doc. No. 1 ¶ 13 ("As a result of Defendants' unlawful termination of her SEVIS record, Plaintiff now faces the imminent possibility of unlawful presence, detention, deportation, and future visa restrictions.").

Recent cases involving challenges to changes to or revocations of plaintiffs' immigration status have resulted in courts being deprived of jurisdiction due to the removal of plaintiff from the pertinent District. *See Khalil v. Joyce*, 2025 WL 849803, at *14 (S.D.N.Y. Mar. 19, 2025) (granting motion to transfer case to the District of New Jersey because it was "the one and only district in which Khalil could have filed his petition when he did"). Other cases involved improper removal of plaintiffs from the District or the United States. *See Noem v. Abrego Garcia*, No. 24A949, 2025 WL 1077101, at *1 (U.S. Apr. 10, 2025) (holding the district court's order "properly" required the Government to facilitate appellee's release from El Salvadoran custody and ensure his case was "handled as it would have been had he not been improperly sent to El Salvador.").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984) ("Where the jurisdiction of the federal courts is in need of protection, we need not await the arrival of a litigant able to show a private entitlement to relief."). Under the All-Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Supreme Court recognizes "a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels." *FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (quoting *Arrow Transp. Co. v. Southern R. Co.*, 372 U.S. 658, 671, n.22 (1963)).

This court's power to preserve its jurisdiction extends to injunctions on both parties and non-parties to a case. *Looney v. E. Texas R. Co.*, 247 U.S. 214, 221 (1918) ("The use of the writ

of injunction, by federal courts first acquiring jurisdiction [over] the parties or the subject-matter of a suit, for the purpose of protecting and preserving that jurisdiction until the object of the suit is accomplished and complete justice done between the parties is familiar and long established practice . . . ."); *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the Act extends, under appropriate circumstances, to persons who . . . are in a position to frustrate the implementation of a court order or the proper administration of justice."); *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 338 (2d Cir. 1985) ("An important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction.").

Accordingly, the Defendants, their officers, agents, servants, employees, and attorneys, as well as all persons in active concert or participation with them, are enjoined from removing the plaintiff from the District of Connecticut or deporting the plaintiff from the United States. *See Ozoanya v. Reno*, 968 F. Supp. 1, 8 (D.D.C. 1997) ("The court's interest in protecting the integrity of the judicial process warrants a continuing stay of petitioner's deportation until final resolution of this action . . . ."). This order shall remain in effect until further order of the court, in order to preserve this court's jurisdiction to consider the merits of the case.

The clerk shall immediately email a copy of this order to the Acting United States Attorney for the District of Connecticut.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of April 2025 at 7:07 p.m.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge